LINDSEY HOPKINS and ROY KING v. L. A. WALTERS

171 So. 229.

Opinion Filed December 8, 1936.

*Bryant & Pittman,* for Appellants.

*Gordon R. Broome, Frank L. Butts* and *J. Velma Keen,* for Appellee.

PER CURIAM.—On the seventh day of November, 1936, a Justice of this court entered an order of supersedeas in the above styled cause brought to this Court on appeal from a temporary restraining order rendered without notice on a bill of complaint, which bill of complaint appears to have been filed for the purpose of compelling specific performance of an oral agreement to execute a lease on certain premises in Dade County, Florida.

The matter is before us now on motion to dissolve the supersedeas which has been perfected.

On motion to dissolve supersedeas oral argument was heard presented by counsel for all parties to the suit. To determine the question as to whether or not the supersedeas should be dissolved, it is necessary for us to consider the sufficiency of the bill of complaint upon which the restraining order was entered. This we have done and, as the whole controversy involved in this appeal is now before us, we shall dispose of the appeal at the same time we dispose of the motion to dissolve the supersedeas.

A careful reading of the bill of complaint discloses that it contains, if any at all, only a paucity of equity. The allegations of the bill were entirely insufficient to warrant the granting of a restraining order without notice under the provisions of Section 73 of the 1931 Chancery Practice Act.

It, therefore, follows that the order appealed from should be reversed and the cause remanded. The reversal of the order appealed from makes it unnecessary to make any further order in regard to the supersedeas.

Reversed and remanded.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.